<u>NOT FOR PUBLICATION</u>

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE

PAUL LAWSON,                    :
                                :    CIV. NO. 20-12346 (RMB-JS)
             Plaintiff          :
                                :
       v.                       :         OPINION
                                :
CAMDEN COUNTY CORR. FACILITY    :
MEDICAL DEPARTMENT, et al.,     :
                                :
             Defendants         :
```

BUMB, DISTRICT JUDGE

Plaintiff Paul Lawson, a pretrial detainee confined in Camden County Correctional Facility ("CCCF"), filed this civil rights action on September 4, 2020. (Compl., ECF No. 1.) Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (IFP App., ECF No. 1-1.) 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional

>equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff did not submit a prisoner trust account statement that was certified by a prison official, as required by statute.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $402.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1). For the reasons discussed below, the Court would dismiss the complaint without prejudice upon screening.

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

>Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

I.   *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

3

U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

Although *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." Owens v. Armstrong, 171 F.Supp.3d 316, 328 (D.N.J. 2016) (quoting Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). Thus, *pro se* litigants are not exempt from complying with federal pleading standards. See Thakar v. Tan, 372 F.App'x 325, 328 (3d Cir. 2010). "To survive *sua sponte* screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible." Black v. United States, 436 F.Supp.3d 813, 815 (D.N.J. 2020) (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Legal conclusions, together with threadbare recitals of the

4

elements of a cause of action, do not suffice to state a claim. Fair Wind Sailing, Inc., 764 F.3d at 308 n.3. However, if a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II.  DISCUSSION

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, and the defendants to the Complaint are CCCF Medical Department, Lady of Lords [sic] Hospital, and Capital Health Hospital. (Compl., Dkt. No. 1.) Plaintiff alleges that he did not receive the proper medical treatment. He required two surgeries and lost the use of his left arm. (Id.) When Plaintiff was sent to the Capital Health emergency room, he was told to see an orthopedist and that he had an untreated staph infection. (Id.)

B.   Section 1983 Claims

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

5

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

"[T]he Fourteenth Amendment affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner[.]'" Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983)). "[T]o establish a violation of [a pretrial detainee's] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Id. at 582 (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).

"[F]inding a prison official liable for violating a prisoner's Eighth Amendment rights requires proof that the official 'knows of and disregards an excessive risk to inmate health or safety.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The prison official "must be 'both [ ] aware of facts from which the inference could be drawn that a substantial risk of

6

serious harm exists, and ... draw the inference.'" Id. For claims of inadequate medical care, the Third Circuit has "found deliberate indifference in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence.'" Id. (quoting Nicini v. Morra, 212 F.3d 798, 815 n. 14 (3d Cir. 2000)). The Third Circuit has "also found deliberate indifference in situations where 'necessary medical treatment is delayed for non-medical reasons.'" Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (citing Ancata v. Prison Health Servs., 769 F.2d 700, 704 (11th Cir. 1985)). "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Plaintiff has not alleged the name of any individual medical provider whom he saw, when he saw that provider, what his complaints were, and what evaluation or treatment was provided, if any. There is no vicarious liability of a supervisor for the acts of his employees under § 1983. Iqbal, 556 U.S. at 676. In the Third Circuit,

> "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another

> under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations."

Santiago v. Warminster Twp., 629 F.3d 121, 129 (3d Cir. 2010) (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original)). Plaintiff has not alleged that CCCF Medical Department, Lady of Lourdes Hospital or Capital Health Hospital knew that one of their employees was deliberately indifferent to Plaintiff's need for a particular type of treatment and delayed or refused to provide that treatment, nor has Plaintiff alleged that a policy or custom of the defendants caused their employees' deliberate indifference to Plaintiff's serious medical need. Plaintiff's claim appears to be one of misdiagnosis or disagreement with the treatment or evaluation provided, which does not constitute an Eighth Amendment claim, but rather one of medical malpractice. Estelle v. Gamble, 429 U.S 97, 105-6 (1976). Absent diversity jurisdiction or supplemental jurisdiction, a malpractice claim must be brought in state court. Plaintiff has not pled facts that suggest deliberate indifference by the defendants. Therefore, upon conclusive screening under 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1), the Court would dismiss the Complaint

8

without prejudice.

III. CONCLUSION

    For the reasons stated above, the Court will administratively terminate this action.

An appropriate Order follows.

DATE: February 22, 2021

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**